GLADNEY, Judge.
This suit by plaintiff was brought for the purpose of recovering damages resulting from an automobile accident. The demands have been met by counter charges and claims in reconvention by the defendant for both personal injury and property damage. From a judgment in favor of plaintiff, the defendant has appealed.
On February 8, 1960, about dusk-dark, plaintiff was driving his passenger automobile north along a straight stretch of Highway One, several miles south of Coushatta, Louisiana, traveling at a speed of approximately 60 miles per hour. He was overtaking defendant’s pick-up truck which was preceding him in the same direction. It was the intention of defendant to negotiate a left turn from the highway into the driveway leading to a house occupied by Willie Miller, one of defendant’s tenants. When plaintiff came within a distance of approximately 200 feet of defendant’s truck, he began a passing movement and almost simultaneously the defendant commenced angling to the left for the purpose of making his left turn. A collision occurred between the vehicles when the front wheels-of the truck had reached the edge of the driveway, with its rear obstructing the west half of the pavement. Plaintiff’s car came to rest at the point of impact and the truck was propelled forward a distance of some 40 feet. At the time of the accident the weather was normal, the surface of the highway was dry, and both vehicles had turned on their lights. Neither driver was accompanied by other passengers, and both suffered personal injuries, although those suffered by Baker were manifestly of a minor nature.
Plaintiff, Baker, charges that the defendant, Courtney, was guilty of negligence which constituted the sole cause of the accident, principally urged upon the grounds that prior to attempting the left turn Courtney failed to give proper signal and make sufficient observation to his rear to insure that he could successfully complete his left turn maneuver without danger from traffic, and particularly from plaintiff’s automobile which was approaching from the rear. The defendant, on the other hand, attributes negligence to Baker as caused by excessive speed, failure to observe and heed defendant’s hand signal indicating a left turn, and failure to have his vehicle under proper control.
The trial court, after weighing the evidence, concluded that the sole proximate cause of accident was the negligence of Courtney in failing to make any proper observation to his rear prior to attempting the dangerous left turn maneuver. Defendant testified that when he had reached a point approximately 100 yards from the driveway, he slowed his vehicle to a speed of from 20 to 30 miles per hour, gave a hand signal indicating a left turn, and then looked to the rear without observing any vehicle. He further testified that he never did see *569 the approach of plaintiff’s vehicle and after the first observation did not again look to the rear. This testimony convicts the defendant of negligence which was a contributing factor to the collision. Lawrence v. Great American Indemnity Company of New York, La.App., 107 So.2d 338 (2d Cir. 1958).
The principal issue to be resolved, therefore, is the negligence vel non of plaintiff which must be determined from the proven circumstances. Baker testified he first observed the defendant’s truck approximately 200 feet ahead, proceeding at a speed of some 20 to 30 miles per hour, and noting that there were no oncoming vehicles approaching, and deciding to pass, he flashed his headlights several times and commenced his passing maneuver. The defendant, he noted, appeared to acknowledge his signal by turning his truck somewhat to the right. Baker says, however, that when he had entered into his passing maneuver, the defendant suddenly turned to the left in front of him and despite application of his brakes, he was unable to avoid a collision. Courtney, in addition to his testimony above referred to, denied he made any move to the right, but, in fact, testified that he made an angling turn upon nearing the driveway and that at no time prior to the accident did he see or hear the Baker car.
In addition to the two drivers, A. C. Johnson, a coworker with the defendant, and four members of the Miller family, including two boys aged twelve and thirteen, gave their versions of the accident. The testimony of these witnesses was so contradictory that obviously their testimony was considered untrustworthy by the trial court and was given no significance. Johnson did testify that he estimated plaintiff’s speed at 80 or 90 miles per hour prior to the impact. He stated, however, that what attracted his attention to the impending accident was the screeching of brakes which occurred almost at the moment of impact between the two cars. Clearly, therefore, he could make no proper observation as to Baker’s speed. This witness also testified he did not observe the defendant make any signal for a left turn. In the latter respect he was contradicted by the two young negro boys who testified they observed Courtney indicating a left turn signal with his hand still extended while he was executing his turn. Another witness, Officer Morgan, of the State Police, testified he investigated the accident, but had little recollection of the facts thereof.
After reviewing the testimony of the witnesses other than the drivers, we find ourselves in accord with the findings of the trial judge upon the issues of negligence. It has not been shown that Baker was traveling beyond permissible speed limits, nor can it be said that he was nonobservant or failed to have his vehicle under proper control. Thus, negligence on the part of plaintiff has not been shown.
The facts involved in this case appear to us to fall within our holding in Lawrence v. Great American Indemnity Company of New York, supra. Lawrence was approaching the point of his intended left turn when he signaled by extending his arm horizontally out of the left window of the car, and at the same time made observation for following traffic. He then decelerated his speed to approximately 20 miles per hour and when he had reached a point of about 40 to 50 paces north of the driveway proceeded for the remaining distance to a point opposite his driveway, without making any further observation with respect to traffic approaching from the rear. This court found under such circumstances that Lawrence was guilty of negligence in failing to make prudent and reasonable observation to his rear, which observation would have disclosed the approach of the following vehicle. The ruling in the cited case is, therefore, of appropriate application to the one under consideration.
Counsel for appellant has also urged application of the last clear chance doctrine. Manifestly, such a legal principle is in-apposite for there is no showing that plain *570 tiff, after discovering the emergency, could have taken any other steps than were taken to avoid the collision. No stress is placed upon quantum as determined by the trial judge, and the allowance for Baker’s injury does not appear excessive.
This case is one which should fall within the rule that the findings of the trial court upon questions of fact are entitled to great weight, and that when only issues of fact are involved, it is incumbent upon the appellant, in order to secure a reversal of the decision of which he complains, to show manifest error or have the judgment of which he complains affirmed.
The judgment is affirmed.