JAMES R. DAWKINS, Judge ad hoc.
This was an action in tort brought by F. Anthony Cabibi, plaintiff, against John Lindsey and his insurer, New Amsterdam Casualty Company, for property damage as a result of a collision on June 1, 1957, between an automobile driven by Mr. Cabibi and one driven by Mr. Lindsey.
*732 The plaintiff alleged that he was driving a 19SS Cadillac on Highway 61 near Gonzales, Louisiana in a northerly direction toward Baton Rouge, Louisiana, on the date of the accident; that the highway at that point is composed of four lanes, having a neutral zone between the two northbound lanes and the two southbound lanes; and that he was driving at approximately forty miles per hour in the inside lane, or the lane near the neutral zone. He alleged that the defendant, John Lindsey, without warning, suddenly drove his Studebaker sedan out of the right or outside traffic lane into the lane occupied by the plaintiff’s vehicle, striking plaintiff’s automobile and causing him to leave the highway, strike a bridge abutment and a third vehicle, causing damages to the automobile being driven by plaintiff in the sum of $1,319.99, and causing the plaintiff to sustain further damages of $20.00 for towing charges. The plaintiff alleged that it was the negligence of the defendant which was the sole and only cause of the accident, which negligence he alleged consisted of (1) pulling into the path of plaintiff’s moving vehicle; (2) failing to give any signal; (3) failing to keep his vehicle under proper control; and (4) failing to properly observe oncoming vehicles.
The defendant answered the plaintiff’s demands and denied that he was in any manner negligent, but alleged that the collision was due solely to the negligence of the plaintiff in that he (1) failed to maintain a proper lookout; (Z) was driving at an excessive rate of speed considering the weather conditions; (3) not maintaining the vehicle under proper control; and (4) striking the Lindsey vehicle after it had entered the traffic lane nearest the neutral ground. In the alternative, the defendant alleged that if the defendant was in any manner negligent, then the plaintiff was contributorily negligent for the same reasons stated above, which would bar his recovery.
The case was tried on April 10, 1961, and the District Court rendered judgment in favor of the plaintiff, F. Anthony Cabibi, and against the defendants, John Lindsey and New Amsterdam Casualty Company, in solido, for the sum of $1,339.99, representing repairs of $1,319.99 and towing charges of $20.00, with legal interest thereon from judicial demand until paid. Both of the defendants have suspensively appealed from this judgment.
The record discloses that F. Anthony Cabibi was traveling on the inside lane of the Airlane Highway, proceeding northward toward Baton Rouge in the inside lane or the lane nearest to the neutral zone. John Lindsey had entered the highway and was traveling ahead of Mr. Cabibi in the outside lane or lane nearest the right side of the highway. There was an automobile proceeding in the outside lane immediately ahead of Mr. Lindsey and said automobile began immediate reduction in speed to come to a full stop in the outside lane, making it necessary for the Lindsey automobile to slow down and stop also, or enter the left or inside lane for the purpose of passing said stopping automobile.
According to Mr. Lindsey’s testimony, he made proper observation as to traffic moving northward in the inside lane and saw the plaintiff’s automobile some 1300 feet to his rear, and, believing that he had ample time in which to enter the inside lane, he held out his hand as a signal and began the maneuver to change from the outside lane to the inside lane. However, at about the time he entered the inside lane, his automobile struck the automobile driven by Mr. Cabibi and the damages resulting from said collision occurred.
The Judge of the Trial Court saw and listened to the witnesses who testified on the trial of the case and reached the conclusion that Mr. Cabibi was in no manner negligent, and that the cause of the accident was the failure of Mr. Lindsey to keep a proper lookout as to traffic proceeding northward in the inside lane and by attempting to change from the outside lane to the inside lane without being certain that it was safe to do so. The very fact that the collision occurred at about the time the Lindsey auto *733 mobile entered the inside lane, indicates that Mr. Lindsey was mistaken as to the distance southward along said highway that the Cabibi automobile was at the time that he attempted to enter this inside lane.
In the case of Fendlason v. AllState Insurance Company, La.App., 136 So.2d 814, the Court concluded that the defendant had looked in the rearview mirror before attempting to enter the left lane and had observed the plaintiff’s vehicle in the rear approximately a block away, and then, without looking prior to changing lanes, pulled over into the left lane, causing the rear vehicle to strike plaintiff’s rear fender with its front fender. As such, the Court concluded that at the time she changed lanes, she failed to see what she should have seen, and that the holding in the case of Mooney v. American Automobile Insurance Company, La.App., 81 So.2d 625, was applicable. In the latter case, the Court held that the burden is upon the driver of a motor vehicle changing from one lane to another to see that such a change-over could be made safely without any interference of traffic in the opposite lane.
 After reviewing all of the testimony in the case at bar, the Court is of the opinion that there was ample evidence before the Trial Court from which it could conclude that Mr. Lindsey failed in at least two important respects which would impose liability on him and his insurer under the cases referred to above. First, he failed to make proper observation and to keep a proper lookout as to traffic moving in the inside lane. Secondly, the very fact of the collision evidenced that it was not safe for him to attempt such a maneuver at that moment.
The resolution of the issues in this case were, and are, solely dependent upon questions of fact which the Trial Court found existed in favor of the plaintiff, and it is well settled that Courts of Appeal will not reverse the findings of 'fact made by the Trial Court unless there is manifest error. Baker v. The Greater American Insurance Company, 134 So.2d 567; Demerest v. Traveler’s Insurance Company, La.App., 93 So.2d 259.
This Court finds no manifest error in the conclusions arrived at by the District Court from the evidence before it. The judgment appealed from is affirmed at appellant’s cost.
Affirmed.