TATE, Judge.
The plaintiff Davis and his collision insurer sue to recover property damage sustained by them in a collision between a Ford Falcon automobile driven by Davis and a motorcycle operated by Police Officer Reinhardt. Made defendant is a liability insurer which had issued a policy covering operation of the police motorcycle at the time of the accident. The plaintiffs appeal from the dismissal of their suit by the trial court.
The collision occurred on the four-lane Chef Menteur Highway approaching New Orleans at about 5:00 P.M. on May 6, 1961. Prior to the accident, Officer Reinhardt had clocked the speed of Davis’s automobile as 55 mph in a 40-mph speed-zone. He had sounded his siren and approached the Davis automobile with the intention of stopping it and giving the driver a ticket for speeding. The accident occurred when Davis drew from the inner (or his left) city-bound lane next to the neutral ground, into the outer (or his right) city-bound lane, in *562 which the police officer’s motorcycle was overtaking Davis’s Ford.
Counsel for the plaintiffs-appellants contends, based chiefly upon the testimony of the plaintiff Davis and his passenger, that Davis was free of negligence in pulling to the right upon hearing a police siren, since the driver of a motor vehicle must yield the right of way to a police vehicle which is sounding its siren, by pulling to its right side of the highway and stopping until the police vehicle has passed. LSA-R.S. 32:238.
On the other hand, based primarily on the testimony of Officer Reinhardt (to some extent corroborated by the testimony of another police officer who witnessed the collision), the trial court found that a proximate cause of the accident barring the plaintiffs’ recover}^ was the plaintiff Davis’s negligence in failing to observe the police motorcycle to the right of his automobile before pulling over into his right lane and colliding with it.
The evidence is most conflicting as to when the approaching police officer sounded his siren, and as to the respective maneuvers of the police vehicle and of Davis’s Ford prior to the collision.
Davis and his passenger testified that the police officer sounded his siren when immediately to their rear and that Davis, having placed the police motorcycle to his rear, commenced to draw to his right in the reasonable expectation that the police vehicle would not overtake Davis to his right after having sounded the siren, in response to which Davis was obliged to ease to the right of the highway. On the other hand, Officer Reinhardt testified that he had sounded his siren several blocks before the point of impact and that he had attempted to draw around Davis’s vehicle to its left, but that Davis had crowded him leftwards. Therefore, without sounding his siren again, Reinhardt had gone around and drawn abreast of the right side of Davis’s car and yelled to him to stop; Davis had then, the officer testified, suddenly pulled rightward without apparently having observed the police motorcycle alongside of his car.
Another police officer who witnessed the collision stated that Davis had turned to the right as the police motorcycle was just abreast of the Davis Ford; to this extent, this testimony corroborates Officer Reinhardt’s version of the accident. This other police officer also thought that Reinhardt had sounded his siren when just 25 to 30 feet behind the Davis automobile; to this extent, he corroborates the plaintiffs’ version of the collision. In addition, however, this other police officer also testified that, following the impact, the Davis Ford did not come to rest until it struck a stopped Volkswagon automobile which was, by measurement, 185 feet past the point of the initial collision between the Davis vehicle and Reinhardt’s motorcycle; this testimony is somewhat corroborative of the excessive speed of the Davis vehicle to which Reinhardt testified, and which was denied by the plaintiff Davis and his passenger. (Davis had testified that this second impact was just 60 feet, by measurement, beyond the first impact.)
The opposing witnesses respectively contended that the collision marks on the right side of the Davis Ford demonstrated that the motorcycle was either, on the one hand, just drawing up by Davis’s rear wheel at the time of the collision or that it was, on the other hand, abreast of the Davis Ford when the vehicles collided.
Considering all the evidence in the record, and giving weight to the evaluation of the credibility of the opposing witnesses reflected by the finding of the trial court, wc find no error in its conclusion that a proximate cause of the accident was Davis’s failure to observe the police motorcycle alongside of him before he pulled from the inner lane in which he was traveling into the outer lane in which the motorcycle was traveling abreast of him.
On multiple-lane highways, the burden is upon the driver of a vehicle *563 changing from one lane to another to see that such change-over can be made safely and without interfering with the passage of traffic in the other lane. Fendlason v. Allstate Ins. Co., La.App. 1 Cir., 136 So.2d 814; Marrero v. Richard, La.App. 1 Cir., 98 So.2d 305; Champagne v. Employers Liability Assurance Corp., La.App. 1 Cir., 112 So.2d 118; Sanders v. Hisaw, La.App. 1 Cir., 94 So.2d 486; Mooney v. American Automobile Ins. Co., La.App. 1 Cir., 81 So.2d 625. The plaintiff Davis’s failure to make adequate observation before shifting from one travel lane to another constituted negligence on his part which was a proximate cause of the collision and which bars recovery.
For the foregoing reasons, the judgment of the trial court dismissing this suit is affirmed at the plaintiffs’ cost.
Affirmed.