94 So.2d 486 (1957)
Lee Major SANDERS, Plaintiff-Appellant,
v.
Raymond O. HISAW et al., Defendants-Appellees.
No. 4371.
Court of Appeal of Louisiana, First Circuit.
March 25, 1957.
Rehearing Denied May 2, 1957.
Writ of Certiorari Denied June 10, 1957.
Dodd, Hirsch & Barker, Wm. T. Wise, Baton Rouge, for appellant.
Huckabay & Wall, Percy & Macmurdo, Baton Rouge, for appellees.
TATE, Judge.
Plaintiff Sanders was riding as a passenger in defendant Hisaw's automobile when it was involved in a collision with a car owned by Edward Marshall and driven by his daughter. Sanders brought suit against Hisaw, Marshall, and their respective liability insurers. After trial, his claim against Marshall and his liability insurer was compromised.
*487 Plaintiff appeals from judgment of the District Court dismissing his suit against Hisaw and the latter's insurer upon a holding that the sole proximate cause of the accident was the negligence of Miss Marshall in turning left suddenly across Hisaw's path.
The accident occurred at mid-morning on May 3, 1953 on the Air Line Highway on the approaches to the city of Baton Rouge. The southern two lanes of this four-lane highway are reserved for east-bound traffic. Both the Hisaw and Marshall vehicles were proceeding easterly, the former on the inside lane next to the neutral ground in the middle of the highway, and the latter on the outside lane. Prior to the accident, the Hisaw vehicle at a speed of 55 mph was overtaking the Marshall vehicle, which was going less than 25 mph.
It is not disputed that Miss Marshall turned suddenly left to the other highway from the outside lane across the path of the Hisaw vehicle in which plaintiff was riding so that Hisaw was unable to avoid colliding with her. But it is urged, and this presents the sole question of this appeal, that Hisaw failed to sound his horn as he was overtaking Miss Marshall to pass her; and that this violation of his statutory duty, LSA-R.S. 32:233, subd. B, was a contributory proximate cause of this accident, so that Hisaw and his insurer are liable to Hisaw's passenger (the plaintiff) injured as a result thereof.
LRS-R.S. 32:233, subd. B provides: "The driver of an overtaking vehicle shall give audible and sufficient warning of his intention before overtaking, passing or attempting to pass a vehicle proceeding in the same direction."
We do not believe this statutory provision to be applicable to the present situation. The accident occurred on a four-lane highway; two lanes were reserved for each direction's traffic. If applicable to multiple-laned highways, motor vehicles would be required to sound the horn when passing any vehicle going in the same direction whether to their right or left and no matter how many lanes distant they might be. On our crowded eight-lane and four-lane highways designed to facilitate the passage of congested traffic there would be a never-ending cacophony of constantly blowing horns, an intolerable burden both on the ears of the public and on the batteries of the vehicles involved in the crowded traffic. We do not believe the legislature intended the statute to apply in such circumstances or that the legislative provision contemplated application thereof to multiple-lane highways.
In Mooney v. American Automobile Ins. Co., La.App. 1 Cir., 81 So.2d 625, we recently had occasion to consider a companion statutory provision, LSA-R.S. 32:233, subd. A, which provides that overtaking vehicles must pass to the left in passing other vehicles proceeding in the same direction. Likewise, considering the effect the application thereof might have as burdening rather than facilitating traffic in such situations, we concluded that the legislative intention did not contemplate application of the provision to multiple-laned highways.
In effect, the Mooney case holds that the burden of signalling his intention on a multiple-laned highway is upon the driver who intends to shift into another lane reserved for traffic going in the same direction, rather than upon the driver who intends to pass in his own lane other traffic proceeding in the same direction in other lanes.
Further, although in many jurisdictions the statutory requirement that the horn should be sounded has been construed as being for the purpose of warning the forward vehicle so that it will not turn left into the overtaking vehicle's path, cf. 2 Blashfield, Cyclopedia of Automobile Law 133, Section 938; in Louisiana, "the purpose of the law in requiring the giving of *488 an audible warning by the overtaking vehicle, as we view it, is to favor its driver to the extent that his normal progress on the highway will not be unnecessarily impeded by the driver of the car preceding him in not leaving or giving him sufficient clearance in which to pass ahead," De La Vergne v. Employers Liab. Assur. Corp., La.App., 1 Cir., 4 So.2d 66, at page 69, certiorari denied, Noted, 16 Tul.L.Rev. 283.
This distinction as to the statutory purpose is important, since the violation of a statute or ordinance does not constitute actionable negligence unless the statute is designed to control the situation at the time of the accident and to protect the class of person who seeks to invoke its protection, 38 Am.Jur. 834, "Negligence" Section 163. Thus, in Louisiana the overtaking motorist is under no duty to sound his horn when the forward vehicle is proceeding in its own lane leaving sufficient clearance for passing, and his failure to sound his horn in such circumstances will not be a proximate cause of an accident resulting when the forward vehicle suddenly turns across his path since the purpose of sounding the horn is not to warn the forward vehicle not to turn left, De La Vergne v. Employers Liab. Assur. Corp., above cited.
The facts in the De La Vergne case were almost identical to those of the present, and the driver of the overtaking automobile thereon was held to be free from actionable negligence barring his recovery in failing to sound his horn. A vigorous and well-reasoned dissent by our late learned brother, Judge Ott, was based upon the legal proposition that the failure to sound the horn was contributory negligence barring recovery because of a statutory purpose of warning the driver ahead of the intended passing so he would not turn left, citing Blashfield's treatise. Writs of certiorari and review were denied despite this able dissent which pin-pointed the legal question involved with clarity and precision.
We have followed the De La Vergne case consistently in holding that the sole proximate cause of an overtaking-left turn accident is the failure of the driver turning suddenly left across the path of the overtaking vehicle, despite the latter's failure to sound his horn, when the forward vehicle is proceeding properly in the lane ahead without previous indication of the left-turn intent, Sonnier v. Broussard, La. App. 1 Cir., 44 So.2d 339, Great American Ins. Co. v. New Amsterdam Cas. Co., La. App. 1 Cir., 15 So.2d 241. See Martin v. Globe Indemnity Co., La.App. Orl., 64 So.2d 257, Cantrell v. H. G. Hill Stores, Inc., La. App. Orl., 193 So. 389, giving a similar construction to a municipal ordinance similar to the statutory provision in question.
Plaintiff-appellant cites Nichols v. Everist, La.App. 2 Cir., 80 So.2d 199, Callia v. Rambin, La.App. 2 Cir., 78 So.2d 44, and Sandoz v. Beridon, La.App. 1 Cir., 150 So. 25. The latter case was overruled by the De La Vergne case, as the dissent therein indicates. The former two cases without extensive discussion indicated that the defendants therein were contributorily negligent so as to bar recovery upon their respective reconventional demands because of a lack of lookout and the failure to sound the horn. Insofar as distinguishable, the facts therein may be said to have been such as to indicate to the overtaking drivers that the forward drivers intended to undertake such maneuver as to require a slowing by or a warning from the overtaking drivers before attempting to pass, had the overtaking drivers been sufficiently watchful and alert.
The District Court did not err in holding that the sole proximate cause of the accident herein was the negligence of the forward driver in turning suddenly across the path of defendants' vehicle in which plaintiff was a passenger. The District Court therefore correctly absolved defendants of liability and dismissed plaintiff's suit against them.
Affirmed.