ELLIS, Judge.
This is a suit for damages arising out of an accident occurring on November 12, 1955 on the Airline Highway in East Baton Rouge Parish.
Raymond C. Marrero and his insurer, the Hartford Mutual Insurance Company, filed suit against Warren J. Richard alleging that he negligently turned his Ford immediately in front of and in the path of the Chrysler driven by Marrero. The insurer paid Mar-rero $290.09, toward the costs of repairing his Chrysler and Marrero furnished $50, under $50 deductible clause of the policy. The total amount sought by plaintiffs in this action is $340.09.
Defendant filed an answer and reconven-tional demand in effect denying his negli *306 gence, in setting forth in detail specific acts of negligence of the plaintiffs. The defendant originally sought $1,750 as damages for personal injuries and for his automobile as well as loss of work, and later filed a supplemental and amended petition seeking to increase the amount of $3,011. After a trial on the merits, for oral reasons assigned, judgment was rendered in favor of the plaintiff, Raymond C. Marrero, and against defendant, Warren J. Richard, in the sum of $50 with legal interest from date of judicial demand until paid and further judgment was rendered in favor of plaintiff, the Hartford Mutual Insurance Company, in the sum of $290.09 with legal interest from date of judicial demand until paid. The judgment also rejected the demands of the plaintiff in reconvention and dismissed his reconventional demands taxing-costs of suit to defendant. From this judgment defendant has appealed.
There is a complete conflict as to the occurrence of the accident as evidenced by the pleadings and the testimony of the plaintiff and defendant in this matter. Both Counsel for plaintiff and defendant have skillfully presented their client’s version of the accident on appeal. The primary question involved in this case is one of fact, whether the accident happened in the manner as alleged by plaintiff or by the defendant.
The Trial Court has resolved this question in favor of the plaintiff, and un- . less his decision is manifestly erroneous, it shall not be disturbed by this court on appeal.
In order to determine whether the judge a quo based his decision upon a proper consideration of the law and the evidence to be derived from the circumstances of the accident, a careful study of the records and the testimony therein was made. Our appreciation of the facts are as follows :
' On November 12, 1955, plaintiff and defendant were both driving east on the Airline Highway, a four lane highway in East Baton Rouge Parish, the traffic lane on this highway being 21 feet for the eastern two lanes and a total of 42 feet for the entire four lanes of travelling both east and west. The lanes are divided by an eight foot neutral ground which is covered with grass and is surrounded by a six inch curve. Plaintiff was driving a 1953 Chrysler in the left hand or passing lane at a speed of approximately fifty miles per hour. He was approaching defendant’s car from the rear with the intention of passing. Defendant was driving a 1949 Ford in the right hand lane following a truck. The plaintiff had proceeded to a point which he testified was 15 feet or less when defendant’s car, without proper notice or signal, was suddenly driven into the left lane or passing lane in order to pass the truck in front of him. The road was rather wet from a morning rain and although plaintiff stated that he applied his brakes, there was no evidence of such application. There was an intimation by the investigating police officer that the skid marks would not have shown very clearly because of the wet day, this being shown by his reply to a question under cross examination as follows:
“Q. Did you find any skid marks for the Chrysler automobile ? A. No, sir
“Q. It was a wet day— A. That’s right, sir.
“Q. And you found no skid marks. Had the automobile been moved when you reached the scene? A. Yes, sir.”
The investigating officer was able to establish the point of impact from physical evidence on the highway, there being-debris; he also saw the mud which fell off the fender at the time of the collision. This point of collision was determined to be seven feet south of the south edge of the neutral ground on the inside traffic lane, which we have discussed above as the left lane or passing lane. The plaintiff’s car entered the neutral ground about one foot *307 past the point of impact which indicates that he was turned at almost a 90 degree angle to the neutral ground of the highway. Whether or not the plaintiff did apply his brakes or not, has little effect on the outcome of this case. We feel that the record shows that defendant’s sudden appearance in the path of plaintiff was the proximate cause of this accident.
Defendant cited numerous cases to support his presentation of the facts. The cases are authority for the facts set forth in each respective case, however, they are not applicable to the facts as found by the District Court and this Court. The facts, as .established above, place certain rights and duties on the plaintiff and defendant in operating their automobiles on the public highways.
The Supreme Court in the case of Kientz v. Charles Dennery, Inc., 209 La. 144, 24 So.2d 292, 295, has recognized the fact that due to the high number of automobiles oh our highways today, these rights and duties of every driver using the highways must be followed in order to prevent accidents. To quote a portion of the opinion recognizing this fact, we cite the following excerpt from that case:
“We are living in an advanced stage of the motor age. Heavy and congested vehicular traffic on the streets and highways is a daily rule rather than an exception. In these circumstances, it is vital to the public interest that the traffic rules and regulations be adhered to strictly.”
This principle has been recognized many times, the most recent being in Stevens v. Delanoix, La.App., 96 So.2d 844.
The duties of a driver proceeding in a double lane, one way traffic, is set forth clearly in Mooney v. American Automobile Insurance Company, La.App., 81 So.2d 625. The factual situation in that case was slightly different from the case at bar, however, the principles indicated would fit the facts which we have found to be controlling in this case. In the Mooney case a school bus driver driving in the left hand lane attempted to change from the left hand lane to the right traffic lane and in so doing he collided with an automobile attempting to pass the bus in the right hand lane. The action of the driver’s change from one lane to another was stated in the Mooney case, 81 So.2d 628, by this court as follows, quoting from District Court’s opinion:
“ ‘ “It is further my opinion that defendant’s bus had a perfect right to change over from the left to the right traffic lane, but that it was incumbent on the driver to see that such change over could be made safely and without any interference with traffic in the right lane. If he was negligent in this respect such negligence was the proximate cause of any resulting damage, and it is so alleged in plaintiff’s petition.” ”
Counsel for defendant has urged that in spite of the fact that the Courts of Louisiana have interpreted LSA-Revised Statutes, 32:233 providing that the driver of an overtaking vehicle shall give audible and sufficient warning of his intention before overtaking a vehicle proceeding in the same direction does not apply to a multiple-lane highway, that such does not relieve the motorist from sounding his horn where the car starts to pass another car and comes over into the left lane and is in the process of passing. He further alleges that the horn of the following driver is there for his use to notify the preceding driver to cut back to the right, and its use would properly convey his intentions to the other driver.
From our appreciation of the facts, defendant’s automobile was proceeding in the right lane and plaintiff had closed the distance to fifteen feet or less from the rear of defendant’s automobile. There was no duty on the plaintiff to sound his horn since he had sufficient room to pass defendant’s automobile which was in the right traffic lane. Sanders v. Hisaw, La.App., 94 So.2d 486. *308 The plaintiff was traveling 74 feet per second at a speed of 50 miles per hour according to Blashfield’s speed chart, as given in Volume 9-C, Blashfield’s Cyclopedia. The defendant, when making his turn into the left lane, was traveling approximately 50 to 59 feet per second at a speed of 35 or 40 miles per hour, thus it can he seen that had plaintiff either blown his horn or used his brakes, they would not have averted this accident.
The defendant’s charges of negligence against the plaintiff in his reconventional demand were without basis of fact as stated above in his opinion. We have, therefore, found no manifest error in the judgment as rendered by the trial court.
For the reasons assigned the judgment of the trial court is hereby affirmed.