FRUGÉ, Judge ad hoc.
This case and the companion case of Chastant v. Employers Liability Assur. Corp., La.App. 112 So.2d 121, were filed in the City Court, City of Bogalusa, Fourth Ward, Washington Parish, Louisiana, as a result of a collision that occurred on or about August 16, 1957. The two cases were consolidated for trial, which resulted in judgment for the defendant in both cases, dismissing paintiffs’ demands at their cost. From this adverse judgment plaintiffs appeal.
The facts are to a large extent clear and uncontroverted. The weather was clear and visibility was good. An ambulance owned by Wilson J. Champagne and driven by Woodrow H. Chastant was proceeding south on Columbia Road early on the morning of August 16, 1957 in response to an emergency call for an ambulance. At the time all six of the flashing and blinking red emergency lights were in operation and the siren was blowing. A city trash truck was some distance ahead of the ambulance, in the inner or left lane of four lane highway, at a slow rate of speed. It is in evidence 'that the driver gave more *119 than adequate warning of the approach of his emergency vehicle, the truck did not pull over into the right lane as required by law. At the last possible moment, realizing that the truck was not going to pull over, the driver of the ambulance began passing the truck in the outer or right lane. Just as the ambulance got almost abreast with the truck, the truck then began to pull over to the right. Seeing this, the driver of the ambulance began to pull farther to the right in an attempt to avoid a collision. The ambulance was unable to get out of the way in time, the truck collided with the ambulance and forced it to crash into a light pole, resulting in the property damage and injuries described in the petition of plaintiffs.
We are not favored with written reasons by the trial judge. We are nevertheless convinced that the record clearly and conclusively establishes that this collision was caused solely and entirely by the gross negligence and recklessness of the driver of the City trash truck.
Upon examination of the answer filed by the defendant in the two cases it appears that there is an admission that the driver of the ambulance did sound the siren of his ambulance and that the driver of the City trash truck did pull over to the right as the ambulance attempted to pass and that the truck did collide with the ambulance. It is further admitted by defendant that Em-' ployers Liability Assurance Corporation is the insurer of the City truck involved in this accident and that the petitioner Wilson J. Champagne did lose the sum of $250 in damages because of the deductible provL sion of his collision insurance.
The following issues are before us for determination:
1. Was the ambulance owned by Wilson J. Champagne and operated by Woodrow H. Chastant an authorized emergency vehicle ?
2. Was the negligence of the driver of the City trash truck the sole and proximate cause of the accident hereinabove described? And accordingly, is the defendant liable in damages to plaintiffs herein for the personal injuries and property damage suffered?.
I.
Defendant takes the position that no written instrument was ever prepared designating the ambulance of Wilson J. Champagne as an authorized emergency vehicle. It is to be observed however, that the Bogalusa Chief of Police Boyd, testified :
“Q. In other words, it (the ambulance) has been recognized by the police department and you as Chief of Police, as an emergency vehicle? A. Right.”
A careful reading of the testimony of the Chief of Police clearly convinces us that the police department had recognized this and other ambulances as authorized emergency vehicles and have treated them as such. Consequently, we have no doubt that the ambulance herein involved was a sanctioned and recognized emergency vehicle.
II.
The City trash truck driver, Elbe Taylor, was grossly negligent. His inattention to his duties indicates that he did not hear what he should have heard and was not keeping a proper lookout and therefore did not see what he should have seen, because he is charged with keeping a proper lookout and seeing and hearing what would be expected of a reasonable man. While it is true that Taylor the driver of the city truck testified that he did not hear the siren on the ambulance until it was right behind him, yet it is significant that three other witnesses, two of them completely disinterested, testified that they could hear the siren from the time that it first came into sight when it was several blocks away from them. Mr. Edwards, one of the defendants’ witnesses testified that he heard the *120 siren on the ambulance even before he saw the ambulance and that he heard it at all times after seeing it several blocks up the street. This evidence clearly shows that Elbe Taylor the driver of the trash track was not aware of the presence of the ambulance behind him. The record disclosed that he was completely oblivious of what was going on up until the time the actual collision took place. Taylor testified that he came in from a side street just prior to the occurrence of the collision. While it is clear from the testimony of all the other witnesses that the ambulance followed behind the truck for some distance sounding his siren at all times, yet Taylor made no attempt to let him pass. The record is clear that the driver of the ambulance attempted to pass on the right and had gotten almost abreast of the truck when Taylor pulled over on the ambulance without ever looking to see if the ambulance or perhaps another car might have been there. On that point he stated that he depended on his right hand companion O’Brian to tell him if there was any one coming in the right lane and since O’Brian did not tell him anything he presumed that there was no one in that lane and he admitted that he did not look to the right.
 Defendant relies on his assertion that the driver of the ambulance was negligent in passing on the right side and to do so he was in violation of the law. That position is untenable. In the case of Mooney v. American Automobile Insurance Company, 81 So.2d 625, this court held that the section of the Louisiana statute which required automobiles overtaking from the rear to pass on the left side, is designed to apply only to two-lane highways, and is not intended to be applicable to multiple-laned highways, such as four and eight lane highways. Defendant further relies on the alleged negligence of the driver of the ambulance for exceeding the speed limit. That defense is likewise not available to him here for the reason that Section 21-34 of the Code of Ordinances of the City of Bogalusa provides among other things, that:
“ * * * A driver when operating any such vehicle in an emergency, except when otherwise directed by a police officer, may:
“(C) Exceed the prima facie speed limits so long as he does not endanger life or property.”
It is therefore obvious that the driver of this ambulance was not negligent in driving his ambulance at a speed slightly in excess of the speed limit, when he was driving on a four lane highway while on an emergency call.
We therefore conclude that the negligence of the driver of the City trash truck was the sole and proximate cause of the accident and that as a result thereof defendant is liable in damages to plaintiff herein for the personal injuries and property damages suffered. On the question of damages, it was admitted that the sum of $250 because of a deductible provision in, the collision insurance policy of the plaintiff so that there is no question that this sum should be awarded. Loss of earnings-due to unsatisfactory conditions of the station wagon converted as ambulance, will not be allowed for the reason that the record does not satisfy us that the station wagon could not and did not render proper service in this emergency. Besides that plaintiff had a DeSoto ambulance available..
For the above and foregoing reasons the-judgment of the City Court is hereby reversed and there shall be judgment in favor of the plaintiff Wilson J. Champagne and against the defendant Employers Liability Assurance Corp. in the full sum of' $250, together with legal interest from date of judicial demand and for all costs of court in both courts.
Reversed.