HARDY, Judge.
This is an action for recovery of property damage to plaintiff’s automobile resulting from a collision with defendant’s car at the intersection of a driveway, leading to plaintiff’s home, and Marie Place in the City of Monroe. From judgment in favor of plaintiff, the defendant has appealed.
Plaintiff’s petition alleged negligence against the defendant in driving at an illegal and grossly excessive rate of speed, failure to keep proper lookout, and failure to maintain control of his automobile. In answer defendant denied negligence and asserted counter charges of negligence against plaintiff’s minor son, who was the driver of plaintiff’s automobile, in making a right turn across defendant’s lane of travel without giving a signal of his intention and making proper observation to determine that such action could be taken in safety.
Marie Place is a north and south Boulevard in the City of Monroe, the traffic lanes being divided by a neutral ground or parkway. The accident occurred at night during a rain which had made the black top street wet and slippery. Prior to the accident both cars involved had been moving east on Park Avenue with the Taylor vehicle some distance in the lead. Upon reaching Marie Place young Taylor turned to the right and proceeded on the extreme east side of the southbound portion of Marie Place, across the intersection of Emerson Street and for a distance of approximately eighty-five feet, to a point near the intersection of the driveway to his father’s home, where he turned to the right, and was struck by defendant’s car as the front wheels of his vehicle were at or near the *434 intersection of the driveway and the west curb line of Marie Place.
The issues presented are purely factual. Although young Taylor testified that he had given a blinker light signal indicating his intention to turn right, the fact that any such signal was given was positively denied not only by the testimony of defendant but by that of his passenger, both of whom declared that they were keeping the Taylor car under observation at the time. Some additional corroboration of the testimony of defendant and his passenger as to the lack of any directional signal light is supplied by the testimony of young Taylor to the effect that the automobile he was driving had been subject to some failure or malfunction of the electrical system a short time prior to the accident, and, on the very day thereof, the battery had completely failed. Young Taylor could not remember whether he had made any particular observation for following traffic at the time he began his turn, and it appears evident that he did not, else he could and should have observed the approach of the Hynes automobile.
Pretermitting the question of negligence on the part of defendant due to a rate of speed in excess of the maximum permitted by law, we are of the opinion that young Taylor was guilty of gross negligence which, if not the proximate cause, was certainly a contributing cause to the occurrence of the accident imputable to his father and barring recovery.
According to the testimony, the southbound section of Marie Place is some 20 to 28 feet in width, easily admitting the safe passageway of two automobiles proceeding in the same direction. We have considered the arguments of counsel for the parties litigant, pro and con, as to whether the southbound section of Marie Place is a two-lane highway, and it is our conclusion that a resolution of this point is immaterial to a determination of negligence in the instant case. Parenthetically we note that witnesses in the case, including the Taylor youth, repeatedly used the terms “lane” and “lanes.” It is only common se;ise to consider that the normal flow of traffic on any street of sufficient width and unobstructed by any obstacles permits the movement of vehicles in two or more lanes of travel without respect to whether it is formally designated as a two-lane, three-lane or four-lane thoroughfare.
As was stated in the opinion of this court in Ruple v. Travelers Indemnity Company, La.App., 129 So.2d 240, it is the well settled law and jurisprudence of our State that a person attempting to turn from a direct line must ascertain before turning that such a maneuver can be made safely without endangering normal overtaking traffic. The record in this case clearly establishes the fact that young Taylor could and should have observed the approach of the Hynes automobile and, therefore, his action in turning across its lane of travel clearly constituted negligence.
In numerous instances our courts have designated a left turn as one of the most dangerous maneuvers that can be undertaken, and, therefore, have imposed the necessity for unusual precaution in the execution of such an operation. One of the primary reasons for this rule is that such a turn is made across the adjoining lane of a highway which is open to both oncoming and overtaking traffic. It is worthy to note in this case that the same reason should apply to the right turn which was undertaken across an adjoining lane of traffic on which an overtaking vehicle could have been, and in this case actually was, approaching.
For the reasons assigned the judgment appealed from is annulled, set aside and reversed, and
IT IS NOW ORDERED, ADJUDGED AND DECREED that there be judgment in favor of defendant rejecting plaintiiFs demands at his cost.