GLADNEY, Judge.
In this suit the plaintiff seeks recovery for damage to his automobile sustained when struck from the rear by a tractor-trailer-truck, insured by the defendant. The action was defended on the ground that the sole proximate cause of the collision was the negligence of the driver of plaintiff’s automobile, and alternatively, that said driver was contributorily negligent. Upon these issues the case was tried and judgment rendered favorable to plaintiff for the stipulated amount of damages, the trial judge finding that the sole cause of the accident was the failure of the driver of the truck to have his vehicle under proper control.
On the night of November 5, 1961, about 9:30 o’clock, at which time it was raining, the two vehicles involved were proceeding northerly on Youree Drive, a four-lane asphalt thoroughfare in Shreveport, Louisiana, consisting of two lanes for northbound traffic and two lanes for southbound traffic. Driven by Jan Stokes, the sixteen year old daughter of plaintiff, the automobile was traveling in the inside of left lane of the two lanes for northbound traffic, and the truck driven by Valgene Cart was immediately behind, traveling in the right or outside of the two lanes.
The only testimony adduced upon the trial as to the cause of the accident came from the drivers of the vehicles involved. Strangely, the testimony of these two witnesses does not conflict on any material point. Jan Stokes testified she intended to discharge one of her three companions and that in order to do so she desired to move her car over into the right or outside lane; that she turned her head to observe traffic from the rear and noticed the truck immediately behind her and to her right; that while she was making this observation the automobile drifted a distance which she estimated to be about three feet from the left lane into the right lane; and that upon observing the truck just “inches away” she promptly turned to the left in order to reoccupy the left lane. At about that moment the collision occurred. The truck driver, Valgene Cart, testified he observed the automobile proceeding ahead in the inside lane at a speed of about twenty-five miles per hour; that he was traveling approximately thirty miles per hour and overtaking the automobile with the intention of passing it in the outside lane; that when he was approximately ten feet behind the automobile it suddenly turned in front of him without warning; that all four wheels of the automobile came over into the outside traffic lane; and that upon observing the movement of the automobile, he immediately sounded his horn, applied his brakes, and attempted to turn into the lefthand lane for the purpose of avoiding the accident. The tractor-trailer jack-knifed as a result of the maneuver. Cart testified further that when the car was struck it straddled the two lanes. Jan Stokes said she thought she had returned to the left lane.
The trial judge resolved that the sole proximate cause of the collision resulted from the failure of Cart to have the truck under proper driving control. This, he said, was evidenced first by the fact that the automobile did not get more than three feet over into the right or outside lane, and that Jan Stokes had returned to her lane at the time of the impact; and second, because the tractor-trailer-truck jackknifed.
*571 Mooney v. American Automobile Insurance Company, La.App., 81 So.2d 625 (1st Cir., 1955), followed in Sanders v. Hisaw, La.App., 94 So.2d 486 (1st Cir., 1957), Marrero v. Richard, La.App., 98 So. 2d 305 (1st Cir., 1957), Champagne v. Employers Liability Assurance Corporation, La.App., 112 So.2d 118 (1st Cir., 1959) and Fendlason v. Allstate Insurance Company, La.App., 136 So.2d 814 (1st Cir., 1961 — Certiorari denied), held that where a vehicle traveling on a multi-lane highway is holding one of the two lanes reserved for traffic proceeding in the same direction, and its •driver has knowledge that another vehicle is to his rear, the act of the driver of the preceding vehicle in turning into the other lane without warning constitutes the proximate cause of a collision with an automobile using that lane and engaged in passing. In the Mooney case a bus was traveling in ■the left or south lane of two westbound traffic lanes, and attempted to pull into the right lane without giving warning. The court sanctioned as to multi-laned thoroughfares the right of a motorist to pass on the right •of another vehicle and expressed the opinion that under some circumstances he was under no legal duty to sound his horn. The rule applies without regard to whether the change-over takes place from the left lane or right lane. In Fendlason v. Allstate Insurance Company, supra, the court, following Mooney v. American Automobile Insurance Company, supra, recognized that the burden is placed upon the driver of the motor vehicle changing from one lane to another to see that such a change can be made safely without interference with traffic in the opposite lane, and observed that when the plaintiff therein decided to change her lane of travel, the defendant’s car was much too close for her to safely make the maneuver or even assume that she could safely make the maneuver.
Herein we are confronted with facts similar to those which provoked the rule in Mooney v. American Automobile Insurance Company. Jan Stokes permitted her vehicle to invade the outside or righthand lane occupied by Valgene Cart’s truck without any warning to following vehicles and before she ascertained whether she could change lanes safely without interference with traffic in the other lane. At the time her vehicle commenced this maneuver the passing truck was no more than ten feet distant and much too close for the maneuver, to be safely executed. This negligence of the driver of plaintiff’s automobile was the sole proximate cause of the collision.
For the foregoing reasons the judgment of the trial court is reversed and judgment rendered in favor of defendant, dismissing plaintiff’s'demands at his cost.