FRUGÉ, Judge.
Plaintiff was injured in an automobile accident on July 25, 1964, which occurred between an automobile driven by the plaintiff and a vehicle owned by the defendant and operated within the course and scope of employment by Herbert Halverson, one of the defendant’s employees. The case was tried before a jury and judgment was rendered in favor of the plaintiff and against the defendant. In taking this appeal the defendant admits the negligence of its employee, Herbert Halverson, but contends that the jury committed manifest error in failing to find that the plaintiff was barred from recovery by contributory negligence.
The collision occurred on the Calcasieu River bridge on Interstate Highway 10, west of Lake Charles, Louisiana. A link in the interstate highway system, the Calcasieu River bridge is of four-lane construction, the two eastbound lanes being separated from the two westbound lanes by a concrete divider. The speed limit on the bridge is set at 50 miles per hour.
On the day in question three vehicles were traveling east on Interstate Highway 10 in single file in the right or outside lane. In the lead was a Volkswagen driven by Laura Thibodeaux, with a 1962 Rambler driven by Lifford Royer following the Volkswagen, and a 1958 Dodge pickup truck driven by the defendant’s employee following the Rambler. Halfway up the bridge the Volkswagen came to a stop because of some mechanical difficulty. The Rambler driven by Mr. Royer came to a stop behind the Volkswagen and the defendant’s vehicle, the Dodge pickup, began to reduce speed as *888 if to stop behind the Rambler. Some distance behind the procession of the three aforementioned automobiles the plaintiff was proceeding up the bridge in the same direction but in the inside or left lane of the highway. The plaintiff testified that he was driving at a speed of SO to 55 miles per hour and, in approaching the line of vehicles in the righthand lane, reduced speed somewhat. He stated that the pickup truck had almost stopped behind the other two vehicles in the righthand lane and that the driver had his arm out in what the plaintiff interpreted to be the stopping signal. As the plaintiffs vehicle neared the three automobiles in the right lane, the last in line—the pickup truck driven by defendant’s employee—pulled into the lefthand lane in an effort to pass the two cars stopped in the righthand lane. The plaintiff’s automobile collided with the rear of the pickup truck, and the rear of the plaintiff’s automobile skidded into the Rambler driven by Mr. Royer, causing some slight damage. The pickup truck proceeded up the bridge a short distance and stopped in the righthand lane.
The defendant, while admitting the negligence of the driver of the pickup truck, asserts that the plaintiff was contributorily negligent in driving at an excessive speed, in not blowing his horn in passing, and in not keeping a proper lookout for other vehicles upon the highway. The plaintiff maintains that his speed under the circumstances was not excessive and that prior to the collision he had reduced speed even further in approaching the vehicles stopped in the righthand lane. He also avers that his lookout, was proper since he saw the signal given by the driver of the pickup truck and that the pickup truck’s entry into the lefthand lane of travel was sudden and unpredictable and accomplished at a time when the plaintiff’s vehicle was so near as to render a collision inevitable.
Though the defendant argues that the plaintiff was operating his vehicle at an excessive speed, the only evidence presented on the question of speed is the testimony of the plaintiff himself. In this connection the plaintiff stated that he was-driving at 50 to 55 miles per hour in ascending the bridge, but that he reduced speed when approaching the vehicles stopped irn the righthand lane. From this testimony it can be seen that defendant’s charge of' excessive speed cannot be supported and is-therefore without merit.
With regard to the second allegation-of negligence made by the defendant,, the plaintiff admitted that he did not sound his horn in warning before passing the-cars in the righthand lane. But it is our view that under the jurisprudence of this-state there is no such duty placed upon an overtaking motorist on a multiple-lane-highway when the lane in which he is-traveling is free of traffic ahead. Sanders v. Hisaw, 94 So.2d 486 (La.App. 1 Cir. 1957); Marrero v. Richard, 98 So.2d 305 (La.App.1st Cir. 1957).
Finally, the defendant argues that the plaintiff’s lack of proper lookout was a. contributing cause of the accident. The-defendant’s employee testified that as he-neared the vehicles stopped in his lane, he-gave both a hand and a mechanical signal' for a left turn into the.inside lane. The plaintiff readily admits that a hand signal was given, but he says that it appeared to-him that the driver of the pickup truck was-giving a stopping signal. Based on this-testimony, it is our view that the plaintiff was observant of the condition of the road ahead of him, for he would not have seen the signal given by the driver of the pickup truck had he not been keeping a proper lookout.
The highway Regulatory Act provides-rules for the operation of motor vehicles-on multi-lane highways, and, pertinent to the present situation, R.S. 32:79 contains, the following language:
“Whenever any roadway has been divided into two or more clearly marked lanes, for traffic * * * (1) a vehicle shall *889 Lie driven as nearly as practicable entirely ■within a single lane and shall not he ■moved from such lane until the driver has first ascertained that such movement «can be made with safety.”
In the instant case the driver of the Rambler which was stopped behind the Volkswagen in the righthand lane testified ¡that as he was coming to a stop behind the 'Volkswagen he could see both the pickup 'truck and the plaintiff’s vehicle approaching him from the rear; that the truck and the plaintiff’s automobile were not very far •■apart in relation to each other; and that he •did not attempt to pass to the left of the Volkswagen because he did not feel that Ihe had time to maneuver around the ■stopped automobile safely in view of the approaching vehicle in the left lane. This 'testimony, coupled with the fact that the ■plaintiff’s automobile collided with the rear ■of the pickup truck at a point approximately parallel to the Rambler stopped in the righthand lane, establishes in our opinion that the lane change by the pickup truck could not be made in safety. In interpreting this statute the court in Canzoneri v. Connecticut Fire Insurance Co. of Hartford, 163 So.2d 834 (La.App. 4th Cir. 1964), had this to say with regard to the respective duties of the lane-changing and overtaking motorists:
“On a multiple lane street or highway, a greater burden of responsibility for the exercise of extreme caution is required of a motorist changing from one lane to another than of a motorist proceeding within lawful speed limits in a straight line in a marked lane. This does not, of course, relieve the motorist traveling straight of the duty of care; of keeping a proper lookout; of having his vehicle under control and the duty to avoid all foreseeable danger, but the greater responsibility is imposed upon the one who deviates from his course and moves across parallel traffic lanes.” (163 So.2d 834, 838)
Under these rules, where it is established that the change of lanes was made at a time when the overtaking automobile was so close as to render the maneuver unsafe, as is borne out by the record before us, the courts of this state have held that the higher duty of care placed upon the lane-changing motorist requires that he be charged with the consequences engendered by his negligent act. Cansoneri v. Connecticut Fire Insurance Co. of Hartford, supra; Zurich Insurance Company v. Grain Dealers Mutual Insurance Company, et al., 169 So.2d 6 (La.App.2d Cir. 1964) ; Stokes v. Maryland Casualty Co., 151 So.2d 569 (La.App.2d Cir. 1963); Baumann v. Allstate Insurance Company, 107 So.2d 805 (La.App.Orl.1959); Bowman v. Liberty Mutual Insurance Company, 149 So.2d 723 (La.App. 1st Cir. 1963); Taylor v. Hynes, 147 So.2d 432 (La.App.2d Cir. 1962).
It is our view that the record in this case is replete with evidence upon which the jury could find that the defendant’s employee was negligent; that his negligence constituted the proximate cause of the accident; and that the plaintiff was free from any contributory negligence. And, under the fundamental rule of appellate review that a factual determination of a trial judge or jury will not be disturbed in the absence of-manifest error, the findings of the jury in the case at bar should be upheld. Richard v. National Union Fire Insurance Co. of Pittsburgh, 189 So.2d 460 (La.App.3d Cir. 1966).
For the foregoing reasons the judgment of the district court is affirmed, at appellant’s costs.
Affirmed.