235 So.2d 111 (1970)
James W. REEDER, Individually and as the Administrator of his Unemancipated Minor Son, Charles Reeder
v.
ALLSTATE INSURANCE COMPANY and Tiger Mix Concrete Company, Inc.
No. 3934.
Court of Appeal of Louisiana, Fourth Circuit.
May 4, 1970.
Rehearing Denied June 1, 1970.
Writ Refused June 29, 1970.
*112 Russell & Buhler, Kent A. Russell, New Orleans, for plaintiff-appellee.
Sessions, Fishman, Rosenson, Snellings & Boisfontaine, Curtis R. Boisfontaine, New Orleans, for defendants-appellants.
Before REGAN, LeSUEUR and SWIFT, JJ.
LeSUEUR, Judge.
This suit arises from a truck-motorbike collision which occurred at the uncontrolled intersection of Terry Parkway and Carol Sue Street in Jefferson Parish on April 5, 1966. The motorbike, bearing Charles Reeder, a 14-year old newsboy, slid under the truck, throwing the boy in the path of the rear wheels, which crushed his left leg. Amputation proved necessary after some five months of treatment.
James Reeder, Charles' father, filed suit against Tiger Mix Concrete Co., Inc. on December 19, 1966, as the employer of Charles Campbell, the driver of the truck, a heavy cement tanker. Allstate Insurance Company was joined as the Tiger Mix liability insurer. Trial by jury resulted in a unanimous award in the sum of $207,288.00 in favor of the plaintiff; the defendants have perfected this appeal.
Beyond these few details very little is clear. The facts are hotly contested, and with good reason, for the record is rife with conflicting and inconsistent evidence, which, in turn, supports diametrically opposed inferences concerning each of the issues presented to the jury. A catalogue of the major areas of dispute is largely irrelevant. They range from obstructions to visibility (piles of dirt), to speeds, to brake usage, to preemption, to credibility, and to a broad spectrum of similar questions.
What is relevant is the appropriate relationship between an appellate forum and a trial jury. Courts of Appeal have recognized the latitude soundly vested in a jury in the fact finding process. Bridges v. Wm. T. Burton Industries, Inc., La.App., 193 So.2d 886 (3rd Cir. 1967). Recognition of the ruling is not a matter of sophistry, rather, it requires a concomitant recognition of the policy and value judgments which support the rule. Respect for jury proximity to questions of credibility and competing inferences supported by widely varied and inconsistent evidence is inherent in the policy and value judgments which structure the trial and appellate process.
Here plausible evidence is readily advanced by each of the opposing parties and each can present argument well founded in the relevant parties' view of the facts and the inferences to be drawn from those facts. A fair respect for the policy and relationships which we have discussed requires that in the face of conflicting evidence we respect the jury's determination of liability absent an error of law or manifest error of fact. The defendants urge that there are several errors. Specification of error No. 1 is that the trial judge erred in refusing to instruct the jury that the failure of the plaintiff to call Steve Bieller as a witness creates presumptions of adverse testimony. Bieller was evidently young Reeder's riding companion and was somewhere behind him at the time of the accident. He is presumably a disinterested witness and he is neither closely related to nor subject to the control of the Reeders. Further, he was equally available *113 to both parties. Under these circumstances, we share the trial court's conclusion that an instruction raising a presumption against either party would have been inappropriate. Fontana v. State Farm Mutual Automobile Ins. Co., La.App., 173 So. 2d 284 (3rd Cir. 1965).
The defendants also contend that the trial judge should have refused to charge the jury on the doctrine of last clear chance, arguing that on the facts of the case the doctrine should not apply and that the giving of such an instruction amounted to a comment on the facts, i. e., a hint that the trial court felt that the doctrine should be imposed. We cannot accept this premise. The court's duty in framing its charge is to explain the law applicable to the case as a whole and applicable to all the contingent fact conclusions before the jury. The appropriate exercise of this function requires only that the trial judge determine that a requested instruction is, in a broad sense, relevant to any issue properly before the jury. It is for the jury in fact finding to assess the applicability of a charge to the merits of the case. That specific charges may rest upon mutually exclusive or incompatible fact determination is irrelevant, so long as the incompatibility is adequately explained to the jury
The defendants alternatively contend that the trial court erred in failing to instruct the jury that the plaintiff, in arguing last clear chance to the jury, conceded his son's negligence. Our practice specifically provides for the pleading and prosecution of alternative theories of liability, even though the legal or factual basis for the theories are inconsistent or even mutually exclusive. See LSA-C.C.P. Art. 892. A defendant may, for example, argue contributory negligence without conceding negligence, or quantum without conceding liability. A plaintiff should and does enjoy the same procedural freedom.
From our review of the record there is, in the final analysis, no adequate basis in fact or in law for this court to reverse the jury's finding of liability. The assessment of damages is, however, a different matter. The evidence with reference to damages is not in conflict and taken in the view most favorable to the plaintiff bears no reasonable relationship to the size of the award.
This is, of course, the critical question. The size of an award, per se, does not require reduction nor does its relationship to awards in cases of a roughly similar nature. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963), makes it plain that each award must stand on the facts of each case, that is, upon a legally feasible relationship between the award and the evidence which supports it. The abuse of this relationship, not the abuse of prior cases, constitutes legal excess.
Here, we are compelled to hold that the award was excessive. This is not to say that the boy was not seriously injured. He lost his left leg in or above the knee joint and must accept life with an artificial limb, a difficult adjustment for a youth to make. He suffered moreover some five months of anguish, not knowing from day to day if the leg could be saved.
He was an active boy and the loss of his leg dramatically altered his life style. He lost his job and a grade of school.
We note also that the record reflects that the boy was an average student, whose livelihood would ultimately depend upon his ability to perform physical tasks. The jury was certainly entitled to consider how the loss of the leg, in these circumstances, might adversely affect his ability to earn in the future or, otherwise stated, his loss of earning capacity. We also note that we are not impressed with the defendants' inventory of the boy's achievements in adjusting to his loss. Efforts of rehabilitation are to be commended and it serves no viable policy to punish those who try, and to reward those who do not, by curtailing or expanding damage awards.
*114 All factors considered, an award of $70,000.00 for pain, suffering and residual disability, coupled with an award of $50,000.00 for loss of earning capacity, is in keeping with and supported by the evidence. The award of $7228.00 to James W. Reeder was stipulated and not appealed from.
For these reasons, the judgment appealed from is amended to reduce the awards made to James W. Reeder, as administrator of his son's estate, to $120,000.00, and, as amended, the judgment is affirmed, at appellants' cost.
Amended and, as amended, affirmed.
SWIFT, Judge (concurring in part, dissenting in part):
I concur with the majority except as to the amount of the award, which in my opinion is still excessive.
The largest award I have found in Louisiana jurisprudence for the loss of a leg by a young man is slightly over $30,000.00, exclusive of medical and hospital expenses. Cole v. Lumbermens Mutual Casualty Company, 160 So.2d 785 (La.App. 3rd Cir. 1964). Although the court felt this jury award was low, it was affirmed as not being an abuse of discretion or manifestly insufficient.
I agree that the award in Cole was low, that the suffering and disability involved therein appear to have been less than in the present case and that there has been a decrease in the purchasing power of the dollar since 1964. But after taking all these factors into consideration, I am still unable to agree that the award in this suit should be four times greater than in Cole.
Under the present jurisprudence appellate courts are reluctant to disturb awards of juries and trial judges, and prior awards can only be used as guides to determine whether the amount of the lower court judgment is so excessive or inadequate as to constitute an abuse of discretion. By that test we have agreed the award of the jury in the present case is excessive. It now has become the duty of this court to determine what is a fair, just and reasonable award under the circumstances presented.
If we are going to afford our citizens justice and equal protection of laws, I believe some degree of uniformity in the awards made in similar personal injury cases is necessary. The only way this can be accomplished is for the court to see that there is a reasonable relationship between the amount of damages awarded in the case before it and those granted in previous suits involving somewhat similar injuries.
I therefore respectfully dissent in regard to the amount of the award, but otherwise concur in the decision of this court.