STOULIG, Judge.
This is an appeal from a jury verdict judgment dismissing plaintiff’s suit for personal injuries allegedly caused by the defendant’s negligence while she was a passenger in her husband’s automobile.
In response to the interrogatories propounded to it, the jury found defendant’s negligence was the proximate cause of the accident and that plaintiff had a preexisting arthritic condition which was not caused or aggravated by the accident. No appeal was taken by defendant and therefore the question of his negligence is not before us.
The facts surrounding the occurrence of the accident are not in dispute. On December 23, 1976 a collision occurred in St. Bernard Parish between an automobile operated by plaintiff’s husband in which she was a passenger and a ear driven by defendant Louis Gauthier. The impact was slight and resulted in minimal damage to both vehicles. A trial by jury was granted on defendant’s request.
Plaintiff’s appeal presents two issues for our consideration: (1) was the charge of the trial judge on the question of the aggravation of plaintiff’s preexisting arthritic condition improper and did it constitute a commenting on the evidence within the prohibition contemplated by C.C.P. 1792;[1] and (2) did the jury commit manifest error in holding that the plaintiff’s back pain was neither aggravated nor caused by the accident?
Plaintiff’s first specification of error is directed towards this part of the jury charge:
“If you find from the evidence that the plaintiff had arthritis before the occurrence in question and if you find from the evidence that the arthritic condition has become worse since the occurrence in question, but that the increase in severity directly and proximately resulted from natural causes or would have occurred regardless of any negligence on the part of the defendant and not as a result of said occurrence, then, if you so find, you are instructed that the plaintiff would not be entitled to damages for such increase in severity.
If you find for the plaintiff on the question of liability and if you find from a greater weight of the evidence that the plaintiff’s previous condition of health was made worse by the injuries received in this occurrence you are allowed to consider in mitigation of the damages the fact that the plaintiff sought no medical attention immediately after the accident.
If you find for the plaintiff on the question of liability and if you find that the arthritic condition has become worse as a result of the occurrence in question and that the increase of severity is a direct and proximate cause of the accident, then, if you so find, you are instructed that the plaintiff would be entitled to damages for such increase in severity.”
We find nothing improper in the above charge to the jury. In view of the *863 medical testimony adduced on behalf of the plaintiff this instruction is warranted and is a proper statement of the law. This court in Reeder v. Allstate Ins. Co., 235 So.2d 111 (La.App. 4th Cir. 1970), held:
“The court’s duty in framing its charge is to explain the law applicable to the case as a whole and applicable to all the contingent fact conclusions before the jury. The appropriate exercise of this function requires only that the trial judge determine that a requested instruction is, in a broad sense, relevant to any issue properly before the jury. It is for the jury in fact finding to assess the applicability of a. charge to the merits of the case. That specific charges may rest upon mutually exclusive or incompatible fact determination is irrelevant, so long as the incompatibility is adequately explained to the jury.”
Appellant further contends that the above charge is a recapitulation of the evidence and directed the jury’s attention to plaintiff’s arthritic condition and when considered in relation to the interrogatories propounded to the jury amount to a comment upon the evidence.
We find no merit in the contention. The court was merely instructing the jurors on the law applicable to the issues presented to it for determination. In fact the trial court was extremely careful to avoid any action or statement which could be construed as a comment on the probative value of the evidence. It specifically charged the jury as follows:
“If, during the course of this trial, or in the course of these instructions, you have gained the impression that the Court has any opinion respecting what may or may not be a fact, or what is true and what is not, you will remember that what the Court thinks should in no way influence you or control your determination of what the facts really are. Furthermore, if, during this charge, you gain the impression that emphasis has been laid or not laid upon some fact, you must ignore such an impression, for it is not the Court’s intention or purpose to create it, and, as already stated, you and not the judge must determine and decide the facts in this case.”
Plaintiff next submits that the jury was guilty of manifest error in finding that plaintiff’s medical condition was not related to the accident.
We disagree. Applying the principles enunciated in Canter v. Koehring Co., 283 So.2d 716 (La.1973), and Arceneaux v. Domingue, 365 So.2d 1330 (La.1979), we are mandated not to disturb factual findings of the trial court in the absence of manifest error provided the record as a whole establishes such findings are not clearly wrong. In the instant case the evidence amply sustains the jury’s conclusion of no proximate cause or aggravation.
A review of the record discloses no complaint of injury was lodged with the investigating officer at the scene of the accident. Plaintiff's explanation why she failed to consult her family physician until a month after the accident is most implausible. She testified that she made several attempts to see her doctor during this period but the pain was so agonizing that she had to leave his waiting room and return home to treat her back. This testimony was contradicted by her deposition in which she stated she waited three or four weeks because she thought the pain would “go away”. The jury could consider this evidence and other statements by the plaintiff as adversely reflecting on her credibility.
The only expert medical evidence was presented by plaintiff and it consisted of the testimony of her treating physician, Dr. Lucas DiLeo, a general practitioner, and Dr. Kenneth Vogel, a neurological surgeon. The testimony of these two doctors was confusing and at times contradictory. The jury was well within its province in finding that plaintiff failed to bear the burden of proof to sustain her complaints were causally related to the accident.
Dr. DiLeo treated Mrs. Walker 16 times between June 20,1977 and January 9, 1978. With the exception of two occasions he found muscle spasms present ranging from *864 severe to minimal. Interestingly enough, he found muscle spasms a week after Dr. Vogel examined plaintiff and found no spasms.
Dr. DiLeo diagnosed plaintiff’s condition as muscle spasm in the paraspinous lumbar sacral region. Though not completely asymptomatic, Mrs. Walker was discharged on July 15, 1977 and instructed to return if the symptoms reoccurred. She did not again consult Dr. DiLeo until five months later on December 13, 1977, at which time her condition was diagnosed as tenderness of the bilateral paraspinous lumber region L-l through 5 and S-l with a moderate degree of muscle spasm.
Under cross-examination Dr. DiLeo testified xrays showed plaintiff had scoliosis which most often is acquired over a period of time due to weight bearing, which could account for the fact that Mrs. Walker’s condition did improve when her weight dropped from 175 pounds to 161 pounds. In addition, the xrays also revealed plaintiff had a degenerative disc condition. This doctor stated unequivocably both of these conditions were present before the accident. Subsequent xrays on July 6, 1977 did not indicate any degenerative arthritis but confirmed the presence of scoliosis.
Dr. Kenneth Vogel saw plaintiff on one occasion December 6, 1977. His xrays showed a small plantar spur of the right heel; abnormalities with a narrowing of L-5, S-l disc; slight subluxation of L — 4 and L-5; and a slight degree of osteoarthritis. His diagnosis was that Mrs. Walker has a chronic lumbar sacral strain and an asymptomatic plantar spur. Under cross-examination Dr. Vogel testified that the aggravation of a chronic lumber sacral strain does not require a trauma and may be caused by action as bending over to turn on a television set. He further testified that he looked for but did not find any muscle spasm.
Admittedly both doctors related plaintiff’s complaint to the accident based solely on the history furnished by her. This in itself is not unusual but must be taken into consideration by the jury in assessing the probative value of this testimony.
Thus from the foregoing the medical testimony leaves a lot to be desired from the standpoint of consistently establishing plaintiff’s pathological condition and its causes. The jury resolved this uncertainty against plaintiff and factually concluded that Mrs. Walker failed to bear the burden of proof that her back complaints were either caused by or were aggravated by the accident. We find no manifest error in these conclusions.
For these reasons the judgment of the trial court is affirmed at appellant’s cost.

AFFIRMED.

. C.C.P. art. 1792:
“In his charge to the jury the judge shall instruct the jurors on the law applicable to the cause submitted to them, but he shall not recapitulate or comment upon the evidence so as to exercise any influence upon their decision as to the facts.”